UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
OLDA ZAITSEV and MIKHAIL ZAITSEV,

                              Plaintiffs,

        -against-                                MEMORANDUM AND ORDER
                                                 05-CV-2098 (ILG)
STATE FARM FIRE & CASUALTY
COMPANY

                              Defendants.
-----------------------------------------------x

GLASSER, United States District Judge:


## INTRODUCTION


Pending before the Court is a motion to transfer venue filed by the defendant

State Farm Fire and Casualty Company ("defendant" or "State Farm").  Defendant

argues that 28 U.S.C. §1404(a) permits transfer to the District of New Jersey, and that

the Court should use its discretion to permit it.  The motion is opposed by the

respondents who contend, amongst other things, that plaintiff's choice of forum should

be given preference.

For the reasons set forth below, the defendant's motion is granted.


## BACKGROUND


On or around March 25, 2005, plaintiffs asserted a claim against defendant for

failure to pay for losses, which plaintiffs assert should have been covered by their

homeowner's insurance policy ("policy"). (Verified Complaint of Olga and Mikhail

1

Zaitsev, filed April 18, 2005, and attached to State Farm's Notice of Removal dated April 28, 2005 ("Notice"), as "Exhibit A" ("Original Complaint")). The suit was duly initiated in the Supreme Court of New York, Nassau County. The Complaint alleged that Respondents' home at 213 Lyncrest Boulevard in Englewood, New Jersey suffered a $250,000 "loss" which should have been covered by their insurance policy (Original Complaint ¶¶ 1, 10). The Original Complaint does not specify the nature or cause of the damage, although the McPeek Affidavit suggests that the damage was caused by blasting that occurred during construction of a pool at a neighbor's home (Affidavit of Kenneth D. McPeek in Support of State Farm's Motion for Transfer ("McPeek Aff.") ¶ 2).

State Farm promptly removed the suit to Federal Court, Eastern District of New York, pursuant to 28 U.S.C. §§1441 and 1446 as amended (Notice ¶¶ 7, 9). State Farm now moves to transfer venue to the District of New Jersey in Newark.

## DISCUSSION

## I. Standard of Review for Motion to Transfer Venue

28 U.S.C. §1404(a) gives a district court the discretion "to transfer any civil action to any other district or division where it might have been brought." A motion under §1404(a) is to be decided with reference to convenience and fairness. (Virgin Enterprises Ltd., v. American Longevity, No. 99 Civ. 9854, 2001 WL 34142402 (citing Sylvestre v. Oswald, No. 91 Civ. 5060, 1993 WL 426527 at *1 (S.D.N.Y. Oct 19, 1993)). The purpose of §1404(a) is to "prevent waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense...'"

Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Continental Grain Co. v. The FBL-585, 364 U.S. 19, 26, 27 (1960)).

To determine whether or not a venue transfer motion should be granted, the Court must follow a two-step test. First, the Court must determine whether or not the action "might have been brought" in the district to which the movant seeks to transfer it. (Hernandez v. Graebel Van Lines, 761 F. Supp. 983, 986 (E.D.N.Y.1991)). Second, the Court, using its discretion, must employ a multi-factor test to determine if, on balance, the equities favor transfer. Although not exhaustive, the factors include: (1) convenience of the parties; (2) convenience of witnesses; (3) relative means of the parties; (4) locus-operative facts and relative ease of access to sources of proof; (5) availability of process to compel the attendance of witnesses to testify at trial; (6) the weight accorded the plaintiff's choice of forum; (7) calendar congestion; (8) the desirability of having the case tried by the forum familiar with the substantive law to be applied; (9) practical difficulties; and finally (10) the interests of justice. (United States Fidelity and Guaranty Co. v. Republic Drug Co. 800 F. Supp. 1076 (E.D.N.Y.1992)). For the purposes of clarity and brevity, the Court will discuss the above factors in four categories: (1) Party considerations, (2) Witness and evidentiary considerations, (3) Forum considerations, and (4) Public Interest considerations.

Finally, the burden of proof rests on the movant to show that a transfer is "clearly" appropriate (U.S. Fidelity and Guaranty, 800 F. Supp. at 1079) by showing that the "balance of convenience and justice weighs heavily in favor of transfer." (Somerville v. Major Exploration Inc., 576 F.Supp. 902, 908 (S.D.N.Y.1983)) (citing Richardson Greenshields Sec., Inc. v. Metz, 566 F.Supp. 131, 134 (S.D.N.Y.1983)). In accord with

the Southern District of New York, the Eastern District has demanded that movants make a "clear-cut showing" that venue should be transferred for the motion to be granted. (See e.g. Fine Foods International v. North America Fine Foods Inc., 1999 WL 1288681, 5 (E.D.N.Y.1999) (citing Schieffelin & Co. V. Jack Co. Of Boca, Inc., 725 F.Supp. 1314, 1321 (S.D.N.Y.1989)); Inez G. St. Cyr v. Greyhound Lines, 486 F.Supp. 724 (E.D.N.Y.1980). Despite this demand, it is well-established that the district court has broad discretion in deciding a motion to transfer venue. (O'Brien v. Goldstar Technology, Inc., 812 F.Supp. 383 (W.D.N.Y. 1993)).

## II. "Might Have Been Brought" in the District Court of New Jersey.

Respondents do not contest that the action might have been brought in the District of New Jersey. The District of New Jersey is a proper venue for the action under both 28 U.S.C. §1391(a)(1), which makes venue proper "where any defendant resides, if all defendants reside in the same State," and §1391(a)(2), which permits venue in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated". Defendant has offices in New Jersey (McPeek Aff. ¶ 2), and pursuant to 28 U.S.C. §1391(c), qualifies as a residence, making that district proper for venue. Second, the home which was damaged is located in Englewood, New Jersey. Third, it appears that the policy was entered into in New Jersey. (McPeek Aff., ¶ 2). The second and third facts make the District of New Jersey a proper venue under §1391(a)(2).

## III. A "Clear-Cut Showing" that Venue Should be Transferred.

The Court has considered the relevant factors, and finds that the movant has made a clear-cut showing that this case should be transferred. The Court takes judicial notice of the fact that there are a scant 13 miles between the Eastern District of New York's Brooklyn courthouse and that in Newark, making the question of venue appear somewhat academic. <u>Moyglare Stud Farm v. Due Process Stable, Inc</u>., 562 F.Supp. 289, 292-3 (S.D.N.Y.1983) (noting that "[a] request to transfer strikes an extremely hollow note...since the proposed transferee courthouse in Newark is located less than 20 miles from this courthouse.") Nevertheless, in almost all cases in which the short distance between two forums was used to bolster the court's denial of a transfer motion, there were multiple factors favoring either party. (<u>See, e.g.</u> <u>Marino v. Kent Line International</u> 2002 WL 31618496 (E.D.P.A.2002) (denying <u>plaintiff's</u> transfer of venue motion, even though the transferee district was the situs of the incidents giving rise to the complaint); <u>Market Transition Facility of New Jersey v. Twena</u>, 941 F.Supp. 462, 468 (D.N.J.1996) (finding disagreement over situs of dispute, and that plaintiff had place of business, and thus legitimate interest, in transferor forum)). Here, almost every factor points to New Jersey. Those factors will be briefly discussed.

**A. Party Considerations**

Here, the Court must consider the convenience to the parties, the relative means of the parties, and the weight accorded the plaintiff's choice of forum. The Defendant is a corporation, national in scope, having offices in the Eastern District, although it appears those offices are not directly involved in the litigation. (<u>McPeek Aff.</u> ¶ 4). It is likely that defendant could litigate in either forum, although the fact that the majority of

its documents are in New Jersey, not New York, indicates that there is some slight convenience to litigating in New Jersey.

By their opposition to this motion, plaintiffs clearly prefer hearing the case in Brooklyn rather than Newark. (<u>Affidavit of Olga Zaitsev</u> ¶ 4). It should be noted that generally speaking, a plaintiffs' choice of forum should be given some weight when deciding a motion to transfer venue. (<u>See</u>, <u>A. Olinick & Sons v. Dempster Bros. Inc</u>., 365 F.2d 439, 445 (2d Cir.1966); <u>Royal & Sunalliance v. British Airways</u>, No. 00 Civ. 6466, 2001 WL 363657, at *2 (S.D.N.Y.Apr. 12, 2001)). However, much less deference should be given to the plaintiff's forum selection when the chosen forum has no other nexus to the facts underlying the action. <u>TM Claims Service A/S/O Fuji Photo Film v. KLM Royal Dutch Airlines</u>, 143 F.Supp. 2d. 402, 404 (S.D.N.Y.2001) (citing <u>800-Flowers, Inc. v. Intercontinental Florist, Inc.</u>, 860 F.Supp. 128, 134 (S.D.N.Y.1994)). Moreover, when the plaintiff is not a resident of the chosen forum, its preference is due less weight. <u>Motown Record Corp. v. Mary Jane Girls Inc.</u>, 660 F.Supp. 174, 175 (S.D.N.Y.1987) (citing <u>General Instrument Corp. v. Mostek Corp</u>., 417 F.Supp. 821, 823 (D.Del.1976). Here, all underlying incidents occurred in the District of New Jersey, and plaintiffs are New Jersey residents. Furthermore, plaintiffs original forum choice was not Federal District Court in the Eastern District of New York, but instead the Supreme Court of New York State. Although plaintiffs permitted defendant to remove the case to federal court unopposed, asserting in oral argument of this motion that they had no problem litigating in federal court in New York, this position belies any sustained commitment to plaintiffs' original choice of forum. Even though plaintiffs' choice of forum will not be disregarded entirely, it must, in this case, carry only minimal weight.

Of course, the Court must also consider the convenience of the parties as well as their relative means. Plaintiffs main complaint in this regard is that it will suffer financial expense and further hardship from having to acquire the services of another attorney who is licensed to appear before the New Jersey District Court. Although it is not clear what financial resources plaintiffs have at their disposal, the damages they seek appear significant enough to potentially attract the services of another attorney, should present counsel be unable to appear *pro hac vice* in the District of New Jersey. Additionally, the convenience of a parties' attorney, in and of itself, should not be considered. (National Union Fire Ins. Co. Of Pittsburgh, Pa. v. Coric, 924 F.Supp. 373 (N.D.N.Y. 1996); Cento Group S.p.A. v. OroAmerica Inc., 822 F.Supp. 1058 (S.D.N.Y. 1993)). Inconvenience to a party's attorney will almost always inconvenience the party herself, but that is not enough.

### B. Witness and Evidentiary Considerations

The Court must also consider the convenience of the witnesses to the case and the locus of operative facts and sources of proof. The defendant names both party and non-party witnesses which live in New Jersey and might possibly be inconvenienced by a trial in Brooklyn. (McPeek Aff. ¶¶ 2, 4). This factor is generally considered the most important justification for granting a §1404(a) motion. 15 Wright Miller & Cooper, Federal Practice and Procedure §3851 (2d. ed. 1986). The motivation behind this factor is to allow the case to be tried with live testimony. (Id.). It appears from the uncontroverted record that all eye-witnesses live in New Jersey, as do almost all expert

witnesses. The cities named as domiciles of the witnesses[1] are in New Jersey. Although it is possible that this Court could exercise its subpoena power over all those domiciled within a 100-mile radius from Brooklyn under Rule 45(b)(2), the prospect of potentially having to do so indicates that convenience weighs in favor of transfer.

As for evidentiary considerations, it appears that almost all relevant events occurred in Englewood Cliffs, and many of the documents, more likely than not, are held by the plaintiffs in Englewood or the defendants in Parsippanny. The homes involved in the dispute are both located in New Jersey. This factor clearly weighs in favor of defendant.

### C. Forum Considerations

The Court should also consider the importance of having the case heard in the district in which it arose. Specifically, cases should be tried in a forum at home with the governing law. Since the insurance contract was entered into in New Jersey for a piece of property there and the premiums were presumably paid there, it is almost unquestionably the case that New Jersey law will govern given the choice of law principles the Court would have to apply. (See, Royal Insurance Co. of America v. Tower Records, Inc., 2002 WL 31385815 (S.D.N.Y. 2002)). Although there is no reason to suspect that this contract dispute will require complex analysis of New Jersey law as interpreted in federal court, it is apparent that this factor points to New Jersey as a superior venue.

---

[1]Specifically, the towns listed are Fairfield, Alpine, Englewood Cliffs, Franklin, and Warren–all located in New Jersey. (McPeek Aff. ¶¶2, 4).

8

### D.  Public Interest Considerations

Public interest considerations include calendar congestion, and the interests of justice and fairness.   Ultimately, the concern with a calendar congestion is a concern that the parties will not be afforded a speedy trial.  Cases shouldn't be transferred merely to balance case loads, or "simply to serve the court's own convenience."  <u>Fannin v. Jones</u>, 229 F.2d. 368, 369-70 (6th Cir. 1956) (per curiam), <u>certiorari denied</u> 1956, 76 S.Ct. 834, 351 U.S. 938, 100 L.Ed. 1465.  There is no reason to assume that any public interest consideration favors either side in this case, and the Court deems it to be unimportant as applied here.

The "interests of justice" standard also appears to play an insignificant role in the outcome of this motion.  It does not appear that significant burdens of any sort will be imposed upon either party if the case is tried in Brooklyn.  Likely, the same could be said if the case were to be tried in Newark.  If, however any interest of justice is implicated, it is that cases should generally be tried where the events giving rise to them have occurred, or where the parties involved live.  In this case, both factors point to the venue across the Hudson River.

### <u>CONCLUSION</u>

For the foregoing reasons, defendant's motion for transfer of venue to the District of New Jersey is granted.

SO ORDERED.

Dated:  November 17, 2005
        Brooklyn, New York

_____/s/_____
I. Leo Glasser
United States District Judge


Copies of the foregoing were sent on this day to:

Jeffrey A. Sunshine
Jeffrey A. Sunshine, P.C.
5 Dakota Drive—Suite 204
Lake Success, NY 11042

Attorney for Plaintiffs

Donald G. Sweetman
Gennet, Kallmann, Antin & Robinson, P.C.
6 Campus Drive
Parsippany, New Jersey 07054

Attorney for defendant, State Farm Fire & Casualty Company